**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IRENE WASHINGTON,

    Plaintiff,

v.                                Case No:  6:16-cv-1775-Orl-40KRS

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.

## ORDER

This cause comes before the Court on Plaintiff's Motion to Remand (Doc. 14), filed November 11, 2016. On November 23, 2016, Defendant responded in opposition. (Doc. 17).  Upon consideration, Plaintiff's Motion to Remand will be granted.

**I.    BACKGROUND**

On July 18, 2012, Plaintiff, Irene Washington ("Washington"), initiated this lawsuit in state court by filing a two-count Complaint against Defendant, Government Employees Insurance Company ("GEICO").  In her Complaint, Washington alleged that she suffered injuries when an underinsured motorist negligently struck a vehicle being driven by her husband and in which she was a passenger.  Washington therefore sought to recover uninsured/underinsured motorist ("UM") coverage under her husband's insurance policy with GEICO.  Washington later amended her Complaint to include a first-party bad faith claim against GEICO.  After Washington filed her Amended Complaint, the state court abated Washington's bad faith claim pending the result of the underlying UM coverage dispute.

1

The UM action ultimately proceeded to trial and resulted in a verdict in favor of Washington in the amount of $360,000.  On September 16, 2016, the state court entered judgment in favor of Washington in the amount of $20,000 (the maximum amount of UM benefits recoverable under GEICO's policy) and lifted the abatement of Washington's bad faith claim.  On October 12, 2016, GEICO removed the case to this Court based on diversity jurisdiction.  Washington now moves to remand back to state court.

## II. DISCUSSION

Washington moves to remand on the ground that GEICO's removal of this case was untimely.  Specifically, Washington contends that GEICO's right of removal expired long ago pursuant to 28 U.S.C. § 1446(c)(1)'s one-year bar.

A defendant is authorized to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction.  28 U.S.C. § 1441(a).  With respect to timing, a defendant who wishes to remove a case to federal court must do so within thirty days after receiving the initial pleading, *id.* § 1446(b)(1), or, if the case was not initially removable, within thirty days after receiving "an amended pleading, motion, order, or other paper" from which it can be deduced that the case has become removable, *id.* § 1446(b)(3). However, where removal is predicated on diversity jurisdiction, as is the case here, the right of removal expires "1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1).

When timely challenged by a plaintiff, "[t]he burden rests with the removing [defendant] to show that it followed the proper removal procedures." *Lazo v. U.S. Airways, Inc.*, No. 08-80391-CIV, 2008 WL 3926430, at *1 (S.D. Fla. Aug. 26, 2008).

Because removal from state court constitutes an infringement upon state sovereignty, the procedural requirements for removal must be strictly construed, and all doubts about the propriety of removal must be resolved in favor of remand. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049–50 (11th Cir. 2001).

GEICO's argument in support of removal and against Washington's position that removal was untimely is that Washington's bad faith claim was not "commenced" within the meaning of § 1446(c)(1) until the state court lifted the abatement of that claim. GEICO maintains that, according to Florida law, Washington's bad faith claim is a separate and distinct claim from her UM claim and did not accrue until the state court jury awarded an excess verdict. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Since the state court lifted its abatement of the bad faith claim on September 16, 2016, GEICO concludes that the claim commenced on that date and that GEICO's October 12, 2016 removal was therefore timely.

GEICO rightly points out that the judges in Florida's Middle District have reached conflicting conclusions on how to treat bad faith claims which were either abated in state court until the resolution of the underlying UM claim or were brought in the same lawsuit through an amendment of the initial complaint after the jury's excess verdict. Some view the post-verdict accrual of a bad faith claim as the commencement of a new civil action, thus "reset[ting] the removal clock" as to that claim. *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-1942-Orl-31TBS, 2016 WL 277768, at *2 (M.D. Fla. Jan. 22, 2016) (Presnell, J.); *see also, e.g.*, *Thorne v. State Farm Mut. Auto. Ins. Co.*, No. 8:14-CV-827-T-17AEP, 2015 WL 809530, at *6 (M.D. Fla. Feb. 25, 2015) (Kovachevich, J.); *Lahey v. State Farm Mut. Auto. Ins. Co.*, No. 8:06-CV-1949-T27-TBM, 2007 WL 2029334, at *2

(M.D. Fla. July 2007) (Whittemore, J.). Other judges, however, consider the post-verdict accrual of a bad faith claim to result in the commencement of a new claim—rather than a new civil action—which does not reset the removal clock. *See, e.g.*, *Baroso v. Allstate Prop. & Cas. Ins. Co.*, 958 F. Supp. 2d 1344, 1346–47 (M.D. Fla. 2013) (Dalton, J.); *Daggett v. Am. Sec. Ins. Co.*, No. 2:08-cv-46-FtM-29DNF, 2008 WL 1776576, at *3 (M.D. Fla. Apr. 17, 2008) (Steele, J.).

The undersigned sides with those judges who find that the post-verdict accrual of a bad faith claim does not reset the removal clock. When interpreting the meaning of a statute, the Court must first look to the language of the statute itself. *Fed. Election Comm'n v. Reform Party of the United States*, 479 F.3d 1302, 1307 (11th Cir. 2007) (per curiam). "If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *United States v. Fisher*, 289 F.3d 1329, 1337–38 (11th Cir. 2002). Here, the removal statute at issue provides, in pertinent part, that the right of removal expires "1 year after commencement of the action." 28 U.S.C. § 1446(c)(1). In writing the statute, Congress notably chose the word "action" in delineating when a defendant's right of removal expires. "Action" is a well-known term of art which means "[a] civil or criminal judicial proceeding"; in other words, a lawsuit. *Action*, BLACK'S LAW DICTIONARY (10th ed. 2014). Accordingly, by the statute's plain and unambiguous language, the right of removal expires one year after the commencement of a lawsuit.

GEICO's argument in support of removal essentially asks the Court to read into the statute that which is not there. GEICO is certainly correct that a bad faith claim is a separate and distinct cause of action under Florida law and that a plaintiff could conceivably file a new action (or lawsuit) to pursue that claim following an excess verdict.

4

*See Blanchard*, 575 So. 2d at 1291. However, for whatever reason, Florida also allows a plaintiff to pursue a bad faith claim within the same lawsuit by filing an amended complaint following an excess verdict or by stating the bad faith claim in the initial pleading and holding the claim in abatement until the jury's verdict establishes the elements necessary to state the claim. *See Fridman v. Safeco Ins. Co.*, 185 So. 3d 1214, 1229–30 (Fla. 2016). In either case, there is no new "action," only a new "claim," and the two words are not synonymous. *See Claim*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "claim" as "[a] demand for money, property, or a legal remedy to which one asserts a right," and, "the part of a complaint in a civil action specifying what relief the plaintiff asks for"); *cf. PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016) (observing the legal distinction between a "claim" and an "action" in the context of Rule 41). Had Congress intended to use the commencement of a claim as the yardstick by which § 1446(c)(1)'s one-year bar is measured, it easily could have selected a term of art which met that intent, such as "claim," "claim for relief," or "cause of action." Instead, Congress chose the word "action," and the Court "presume[s] that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc).

There is a good reason Congress based § 1446(c)(1)'s one-year bar on the commencement of an action rather than on the commencement of a claim, and that reason revolves around principles of federalism:

> In 1988, Congress amended this statute to prohibit the removal of diversity **cases** more than one year after their commencement. This change was intended to encourage prompt determination of issues of removal in diversity proceedings, and it sought to avoid the disruption of state

5

> court proceedings that might occur when changes in the case made it subject to removal.

H.R. Rep. No. 112-10, 2011 WL 484052, at *15 (2011) (emphasis added). Indeed, "[a]fter removal, state court proceedings are treated as those of the district court, and the district court naturally is able to reexamine its own proceedings." *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198 (11th Cir. 1991). In other words, removal grants a district court the authority to modify or vacate any order or judgment previously entered by the state court. *See id.* To permit removal of a lawsuit several years after it was commenced in state court therefore sets a dangerous stage for the district court to review and meddle with the state court's proceedings, effectively allowing the district court to act as a state appellate court if it wishes. Such authority seems repugnant to the tenets of federalism, and § 1446(c)(1)'s one-year bar on removal provides a method for limiting federal intrusion into state litigation.

To be sure, GEICO's allusions to fairness and equity are not lost on the Court. It is clearly incongruent to permit some defendants to remove bad faith claims but not others solely based on where the plaintiff decided to state the claim—whether in a new lawsuit or within the same lawsuit following the jury's verdict. However, whatever unfairness results from this incongruity is a matter of legislation rather than judicial intervention.

### III. CONCLUSION

Because GEICO removed this action more than one year after it was commenced in state court, such removal was untimely. It is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 14) is **GRANTED**.
2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

3. The Clerk of Court is **DIRECTED** to send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

4. The Clerk of Court is thereafter **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on February 7, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record